IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AARON J. HEIDELBERG, #140165,   :
                                :
    Plaintiff,                  :
                                :
vs.                             :   CIVIL ACTION NO. 12-00300-WS-B
                                :
ROBERT BENTLEY, *et al.*,       :
                                :
    Defendants.                 :

### REPORT AND RECOMMENDATION

Plaintiff Aaron J. Heidelberg, an Alabama inmate, filed the instant action alleging violations under 42 U.S.C. §1983[1]. (Doc. 4). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), this action was referred to the undersigned for appropriate action. Upon careful review, the undersigned recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Following the transfer of this action from the Middle District of Alabama, the Court discovered, upon reviewing dockets in the United States District Courts for the Southern, Middle and Northern Districts of Alabama, that Heidelberg has had at least three actions previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can

---

[1]   This hand-written action was entitled "Writ of Injunction". (Doc. 4 at 3-6).

be granted. See Heidelberg v. Parker, CA No. 99-00605-MHT-CSC (M.D. Ala. Sept. 3, 1999)(frivolous); Heidelberg v. Haley, CA No. 99-01574-UWC-HGD (N.D. Ala. July 20, 2001)(failure to state claim); Heidelberg v. City of Mobile Police Dept., CA No. 00-00077-BH-D (S.D. Ala. Oct. 11, 2001)(frivolous).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, in order to avoid the dismissal of the present action pursuant § 1915(g) for having previously filed three meritless suits, Plaintiff must pay the full filing fee at the time he initiates suit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, the statute allows an exception for a prisoner who is under imminent danger of serious physical injury at the time he filed his lawsuit. Riveria v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).  Because Plaintiff has had at least three suits dismissed as frivolous, he can go forward with the instant action only if he establishes that he was "under imminent danger

of serious physical injury" at the time he filed his complaint. Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)). In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d. at 1350. In the instant case, the allegations in Heidelberg's Complaint fail to indicate that he was under imminent danger of serious physical injury at the time he filed this Complaint.

Heidelberg, an inmate at G.K. Fountain Correctional Facility, seeks to sue the Governor of Alabama, the Prison Commissioner and Alabama prison officials for negligence on behalf of himself and "others similarly situated". Heidelberg essentially argues that the inmate population in Alabama prisons has doubled, and that such severe overcrowding has led to inadequate food, clothing, shelter, sanitation, safety, and medical attention[2]. (Id. at 4-5). Heidelberg argues that such

---

[2] The Court notes that Plaintiff made a nearly identical claim in 2011, likewise alleging the spread of communicable disease while incarcerated at G.K. Fountain Correctional Facility. See Heidelberg v. City of Mobile Police Dept., CA No. 11-00256-CG-N (S.D. Ala. Aug. 16, 2011)(dismissed pursuant to 28 U.S.C. § 1915(g)). In dismissing this action, the court determined that Heidelberg failed to demonstrate the required "imminent danger of serious physical injury." (Heidelberg merely alleges that he was housed with inmates who have tuberculosis but failed to (Continued)

conditions amount to cruel and unusual punishment, in the violation of the Eighth and Fourteenth Amendments to the United States Constitution.

The undersigned finds that Heidelberg's generalized allegations are not sufficient to establish that he was under "imminent danger of serious physical injury" at the time he filed this action. Because Heidelberg did not pay the $350.00 filing fee at the time he filed this action, and does not meet the imminent danger exception of § 1915(g), this action is due to be dismissed without prejudice. <u>Dupree</u>, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he <u>initiates</u> the action). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **9th** day of **May, 2012.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

identify an injury. This was deemed vague and conclusory allegations).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

---

[3]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

5

>  objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **9th** day of **May, 2012.**

                                                  /s/ SONJA F. BIVINS
                                          **UNITED STATES MAGISTRATE JUDGE**